UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Andrew Zielinski,

        Plaintiff,

v.                                          Case No.

City of Oak Creek, and
Lawrence J. Haskin, City Attorney,
in his individual capacity, and
Richard Bolender, Mayor,
in his individual capacity, and
Patrick DeGrave, City Administrator,
in his individual capacity,
Michael Toman, Alderman,
in his individual capacity, and
James Antisdel, Sergeant, Oak Creek Police
in his individual capacity,

        Defendants.

## COMPLAINT

I.     NATURE OF ACTION

    1.     This is a civil action brought by the Plaintiff pursuant to 42 U.S.C. § 1983 in order to obtain compensation for his injuries, which resulted from deprivation of his right to property, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by the Defendants.

II.     JURISDICTION AND VENUE

    2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1343(a)(3) (42 U.S.C. §1983 jurisdiction), and the amount in controversy exceeds $75,000.00 excluding interests and costs.

3. The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claim arose in Oak Creek, Wisconsin, which is within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

III. PARTIES

A. <u>Plaintiff</u>

4. Plaintiff Andrew Zielinski is an adult resident of the State of Wisconsin. Plaintiff's address is 8481 S. 5th Avenue, Oak Creek, Wisconsin, 53154.

B. <u>Defendants</u>

5. The City of Oak Creek is a Wisconsin municipality (hereinafter referred to as "Municipality") with the capacity to sue and be sued and is a proper party Defendant as a governmental unit under 42 U.S.C. § 1983.

6. Defendant Lawrence J. Haskin, on information and belief, is an adult resident of the State of Wisconsin. At all times relevant to this lawsuit, Defendant Haskin has been under contract and appointed as the City of Oak Creek's City Attorney. Defendant Haskin is a proper party acting within the scope of his employment with the Municipality under color of law during all times relevant to this lawsuit. On information and belief, Defendant Haskin can be served with process at 7300 S. 13th Street, Oak Creek, Wisconsin, 53154.

7. Defendant Richard Bolender, on information and belief, is an adult resident of the State of Wisconsin. At all times relevant to this lawsuit, Defendant Bolender was employed by the City of Oak Creek as the Mayor. Defendant Bolender is a proper party acting within the scope of his employment with the Municipality under color

of law during all times relevant to this lawsuit. On information and belief, Defendant Bolender can be served with process at 8640 S. Howell Avenue, Oak Creek, Wisconsin, 53154.

8. Defendant Patrick DeGrave, on information and belief, is an adult resident of the State of Wisconsin. At all times relevant to this lawsuit, Defendant DeGrave was employed by the City of Oak Creek as the City Administrator. Defendant DeGrave is a proper party acting within the scope of his employment with the Municipality under color of law during all times relevant to this lawsuit. On information and belief, Defendant DeGrave can be served with process at 8640 S. Howell Avenue, Oak Creek, Wisconsin, 53154.

9. Defendant Michael Toman, on information and belief, is an adult resident of the State of Wisconsin. At all times relevant to this lawsuit, Defendant Toman was employed by the City of Oak Creek as an Alderman. Defendant Toman is a proper party acting within the scope of his employment Municipality under color of law during all times relevant to this lawsuit. On information and belief, Defendant Toman can be served with process at 8640 S. Howell Avenue, Oak Creek, Wisconsin, 53154.

10. Defendant James Antisdel, on information and belief, is an adult resident of the State of Wisconsin. At all times relevant to this lawsuit, Defendant Antisdel was employed by the City of Oak Creek as the Sergeant of the Oak Creek Police Department. Defendant Antisdel is a proper party acting within the scope of his employment with the Municipality under color of law during all times relevant to this lawsuit. On information and belief, Defendant Antisdel can be served with process at 8640 S. Howell Avenue, Oak Creek, Wisconsin, 53154.

## IV. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

11. Plaintiff Andrew Zielinski ("Zielinski"), prior to this action, operated a salvage business on the property he owns located at 3840 E. Puetz Road, Oak Creek, Wisconsin, which in material part is the subject matter of this complaint (the "Zielinski Property"). The Zielinski Property has been used continually as a salvage yard for over fifty years and pre-dates the existence of the Zoning Ordinance of the City of Oak Creek, and Section 10.65 of the Ordinance of the City of Oak Creek, which in material part relates to the actions taken by the defendants in depriving the plaintiff Zielinski of his constitutional rights to his property.

12. On May 22, 2006, Zielinski received a demand letter from the City of Oak Creek (the "Municipality") issued by its City Attorney, Defendant Haskin, acting as the building commissioner of the City of Oak Creek, pursuant to Ordinance Section 10.65, to remove junked motor vehicles on the Zielinski Property.

13. Section 10.65 regulates junked motor vehicles, spells out the form of an order, and an exhaustive, step by step procedure whereby the Municipality can regulate and remove junked motor vehicles.

14. The Municipality, acting by and through its agents, including Defendant Haskin, as set forth below, did not comply with or conform to the provisions and requirements of Section 10.65 of the ordinance of the City of Oak Creek in its unlawful taking of the Plaintiff's property in violation of his rights guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

15. On May 22, 2006, at the time that the demand letter ordering the removal of junked vehicles was issued, Defendant Haskin had no authority to act as the building

4

commissioner of Oak Creek.

16. The May 22, 2006 Haskin demand letter provided Zielinski thirty days "to abate the nuisance and to bring the property into compliance with the zoning code by removing the junked motor vehicles from the property."

17. As of May 22, 2006, Zielinski's salvage business was a legal, non-conforming use, or as stated by Defendant Haskin in his 1986 legal opinion for the City of Oak Creek acting in his official capacity as City Attorney for the City of Oak Creek while it was approved as a lawful special use and which Zielinski there upon relied in conducting said business.

18. On June 23, 2006, the Municipality, by Defendant Haskin, filed a civil complaint against Zielinski in Milwaukee County Circuit Court, Case No.: 06CV5861. The complaint alleged (1) a violation of local ordinances regarding the storage of junked motor vehicles on property; said storage constitutes a public nuisance, (2) a violation of the zoning code, (3) operation of a salvage yard without a license, and (4) a common law public nuisance.

19. Attached to Count 1 of the complaint was a copy of Section 10.65, which outlines the specific procedure for the removal of junked motor vehicles.

20. Defendant Haskin and the Municipality failed to comply with or confirm to the Section 10.65 procedure, which requires public notice, a placard on the property, a hearing, and the opportunity for appeal prior to the Municipality being able to remove junked motor vehicles, or to enter an owner's property.

21. In Count 4 of the complaint issued by Defendant Haskin, the Municipality alleged a common law public nuisance. The sole basis set forth in said Count is a

5

reference to City of Oak Creek Ordinance, Section 11.03, which did not exist at the time.

22. Defendant Haskins never attached a copy of Chapter 11 of the City of Oak Creek Ordinance, so the Court was not aware of the fact that Section 11.03 did not exist, or that Chapter 11 of the City of Oak Creek Ordinance prescribes a specific administrative remedy to deal with junked vehicles which the Defendants did not follow.

23. Specifically, Defendants Haskin and the Municipality did not comply with the procedure to condemn junked motor vehicles pursuant to Chapter 11 of the City of Oak Creek Ordinance.

24. The only legal basis for the filing of a civil complaint alleging a public nuisance against Zielinski would be to enforce a non-administrative remedy through the provisions of Wis. Stat. § Chapter 823 of the Wisconsin Statutes, which governs nuisances.

25. Rather than properly pursue administrative remedies for administrative violations, the Municipality bypassed the required procedures outlined in Chapter 11 of the City of Oak Creek Ordinance to deal with junked motor vehicles, in its filing of the civil complaint resulting in a default judgment to be improperly entered for a statutory nuisance on the Zielinski Property.

26. Section 823.06 requires that all proceeds from any personal property removed as a nuisance must be applied to pay any expenses of the abatement. The Municipality, acting through and by Defendant Haskin, failed to do so and therefore failed to comply with Section 823.06.

27. Rather than removing only the junked motor vehicles, the subject matter of the May 22, 2006 Haskin demand letter, the Municipality negotiated a "free" contract

6

with a salvage contractor for the taking and removal of all of Zielinski's personal property from his premises, on the condition that the salvage contractor was allowed to retain and use all said property without any cost, payment, or restriction.

28. Counts 2 and 3 of the civil complaint issued by Defendant Haskin allege violations of zoning and licensing ordinances, which were issued in direct contravention of Defendant Haskin's 1986 legal opinion as an official act of the City of Oak Creek, which provided that Zielinski's use of the Zielinski Property as an auto salvage yard was a lawful special use and upon which Zielinski relied in conducting his business.

29. The Municipality's enforcement of Chapter 10 and Chapter 11 of the City of Oak Creek Ordinance, also failed to conform or comply with the said provisions for enforcement of those Ordinances in the following manner as set forth below.

30. Zielinski answered the complaint, by written letter, pro se, to Defendant Haskin requesting time to resolve the issue of the junked cars which he owned and were located on his property. Zielinski was seventy-five years of age at the time and severely handicapped by his limited mental faculties. He was not represented by counsel. The Municipality, by Defendant Haskin, denied Zielinski's request.

31. A default hearing was therefore held on October 4, 2006, before the Honorable David Hansher, Circuit Court Judge, Milwaukee County, at which time Zielinski stated to the Court that he was unaware that anything he was doing was illegal, that he had been operating in the same manner since 1957, and asked Defendant Haskin, at the hearing, if the Municipality would grant him a permit to take the vehicles to the compressing center. Zielinski was not represented by counsel at the hearing.

32. Defendant Haskin stated to the Court that the Municipality would not grant such a permit, preferring to hire its own contractor to do such work. In so doing, Defendant Haskin did not inform the Court or Zielinski that the Municipality was going to charge Zielinski for such an abatement.

33. At the Defendant Haskin's request, on behalf of the Municipality, at said hearing, the Court then rendered an oral decision and entered an order for the removal of "all junk motor vehicles, parts, other junk such as tires and gasoline tanks."

34. The Municipality therefore submitted a proposed written order to the Court, which the Court signed, granting declaratory relief for the abatement of "all junked motor vehicles, all junked motor vehicle parts and all other junk and debris, including machinery, equipment, trailers, bicycles, appliances, drums and other waste materials."

35. The Municipality's proposed order which was signed by the Court on October 18, 2006, was unlawful. It provided relief which exceeded that which would be allowed under the Municipality's original complaint, its May 22, 2006 demand letter to remove any junked motor vehicles, the relief requested and considered at the court hearing, or granted orally by Judge Hansher's decision at the hearing. There was no notice to Zielinski and an opportunity for Zielinski to be heard on the additional relief sought and obtained by the Municipality in its proposed order signed by the Court.

36. On January 3, 2007, the Municipality, through its agents acting in their official capacities on its behalf, entered the Zielinski Property without Zielinski's permission or consent and conducted extensive abatement, including the removal of car bodies, aluminum van bodies, trucks having a value of at least $110,000, as well as steel

8

trailers, miscellaneous heavy melting steel, usable steel and boats having a value of at least $70,000 without his permission or consent.

37. In so doing, the Municipality also took and removed Zielinski's personal tools and equipment, family memorabilia, a trailer Zielinski had built for his wife, as well as paint and other supplies from a locked shed without his consent.

38. The Municipality, through its agents acting in their official capacities on its behalf, charged Zielinski for its taking and removing of $180,100 of his personal property, but it did not apply to said charge the proceeds realized from the sale of the personal property, as required by Wis. Stat. § 823.06.

39. In this process, the Municipality, by its agents, failed to comply with the Court's decision and order rendered at the October 4, 2006 hearing, and a subsequent stipulation it entered into with Zielinski to schedule a hearing with the Court prior to taking any action to recover any of the costs for the taking and removal of said property from the Zielinski premises.

40. Instead, on May 26, 2009, without obtaining the required court order to determine the lawful validity and amount of the charges referred to in paragraphs 38 and 39 set forth above, the Municipality voted to impose a special charge, pursuant to Wis. Stat. § Chapter 66 of the Wisconsin Statutes, upon the Zielinski property for all the costs associated with removing Zielinski's personal property, and to add said costs to the Zielinski property tax bill without obtaining Zielinski's consent or providing proper prior notice to him of such action to be taken, and providing him with an opportunity to be heard on such action.

41. Prior to entering the Zielinski Property, and taking any of the personal property set forth above, the Municipality, by its agents, retained the services of AAA Environmental Industries, Inc. ("AAA"), a hazardous material cleanup contractor, to remove the property from the Zielinski premises including the contents of any buildings inside the Zielinski Property. In so doing, the Municipality had no evidence identifying the contents in the said buildings prior to entry.

42. During this process, the Municipality, by its agent Defendant, City Administrator DeGrave, also violated procedures set forth in its own purchasing manual, by ordering AAA a sole-source, no-bid contract for its abatement work on the Zielinski Property.

43. Despite the fact that the Milwaukee County Circuit Court Order did not authorize the Municipality, through its agents, to enter locked buildings on the Zielinski property, and Section 10.65, specifically provides that vehicles in an enclosed building are, by definition, not junked vehicles, the Municipality, by its agents, entered the locked buildings on the Zielinski property, took and removed personal property therefrom without Zielinski's permission or consent.

44. Defendant Antisdel, of the City of Oak Creek Police, testified at the March 9, 2009 Oak Creek Common Council hearing that he was present and served as security while this taking and removal of Zielinski's personal property occurred under the Milwaukee County Circuit Court Order.

45. In testifying about the scope of the Court Order at said hearing, Defendant Antisdel stated that the entering of the buildings and removing materials "may have been outside the scope of the cleanup."

46. During the period of time when the Municipality had retained the services of AAA Environmental Industries, Inc. to remove property from the Zielinski premises, Defendant Antisdel approached Defendant Mayor Richard Bolender, Alderman Michael Toman, and other City officials with his concern that it was improper to enter locked buildings under the Court Order and the law. It was agreed by these Defendants that Antisdel unlawfully pressured Zielinski's daughter Kim, and wife Barbara, who are not owners of the Zielinski Property, with additional costs if they would not sign a consent form to enter locked buildings. Plaintiff Zielinski was not present at the time of said threats made to his daughter and wife.

47. As a result of said unlawful pressure to Barbara Zielinski to sign a consent form, Defendant Antisdel, acting in his official capacity as Sergeant with the Village of Oak Creek Police Department, ordered without lawful authority the opening of a locked door to a workshop, and entered and discovered drums of paint therein on the Zielinski property. Barbara Zielinski had no authority to consent to such entry. Plaintiff Zielinski was the owner of the property. Plaintiff Zielinski never gave Barbara Zielinski or anyone else permission to consent to such entry.

48. Without any legal authority, the Defendant Antisdel, searched inside of the locked buildings, and ordered the seizure, taking, and removal of the contents, all of which were owned by Plaintiff Zielinski. The contents were subsequently destroyed per the order of Defendant Antisdel. This seizure, removal, and destruction of property, without Zielinski's consent, included drums of paint which were never established to be hazardous or leaking materials.

11

49. Defendant Antisdel's order to AAA to remove the drums of paint was made following the meeting, approval, and direction of Defendants Mayor Bolender and Alderman Toman, made at the Zielinski Property without Plaintiff Zielinski being present and without Plaintiff Zielinski's permission or consent.

50. Neither Defendant Bolender, Defendant Toman, and Defendant Antisdel had no expertise or experience in determining whether the contents of the drums of paint were hazardous materials.

51. The special charge unlawfully set by the Municipality and voted to be added to the Zielinski property tax bill for all the costs associated with the taking and removing Zielinski's personal property without his consent, included approximately $103,000 for AAA to take and remove the drums of Zielinski's paint without his consent.

52. Defendants Mayor Bolender, Alderman Toman, and Sergeant Antisdel were acting within the scope of their employment with the Municipality under color of law while meeting at the Plaintiff Zielinski Property, and authorizing and directing AAA to take and remove the Zielinski personal property without his consent.

53. Defendants Haskin, Mayor Bolender, Alderman Toman, City Administrator DeGrave and Sergeant Antisdel, all violated the procedures to follow mandated by the Municipality's ordinance prior to taking and removing the junked vehicles from the Zielinski property as well as the entering, taking and removal of Zielinski's personal property from the Zielinski property without his consent.

54. As a result of the above, all Defendants named herein have caused damages to the Plaintiff Zielinski in the amount of the loss of his property and losses to his business as well as the costs assessed against his property bill for expenses incurred

by the Municipality in its unlawful entering, taking, and removal of Zielinski's property without his consent.

55. Defendant Haskin intentionally deprived Zielinski of his right to his property without due process of law and wrongly deprived Zielinski of his right to be free from unreasonable seizures, guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitutions.

56. Defendant Bolender intentionally deprived Plaintiff Zielinski of his right to his property without due process of law and wrongly deprived Plaintiff Zielinski of his right to be free from unreasonable seizures, guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57. Defendant Degrave intentionally deprived Plaintiff Zielinski of his right to his property without due process of law and wrongly deprived Plaintiff Zielinski of his right to be free from unreasonable seizures, guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitutions.

58. Defendant Toman intentionally deprived Plaintiff Zielinski of his right of his property without due process of law and wrongly deprived Plaintiff Zielinski of his right to be free from unreasonable seizures, guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitutions.

59. Defendant Antisdel intentionally deprived Plaintiff Zielinski of his right to his property without due process of law and wrongly deprived Plaintiff Zielinski of his right to be free from unreasonable seizures, guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitutions.

60. Defendant, Municipality City of Oak Creek, is liable to defend this action against Defendants Haskin, Bolender, DeGrave, Toman, and Antisdel, and to satisfy any judgment, including damages entered against them, by virtue of Wis. Stat. § 895.46.

## VI. DAMAGES

61. The Plaintiff Zielinski sustained loss of his property and losses to his business as a result of the Defendants' unconstitutional conduct for which he seeks an award of compensatory damages.

62. The Plaintiff Zielinski has endured severe financial hardship to himself and his business as a result of the Defendants' unconstitutional conduct for which he seeks an award of compensatory damages.

63. The Plaintiff Zielinski also seeks punitive damages against all Defendants for their willful, wanton, and intentional acts in disregard of Zielinski's rights to his property protected under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in an amount that will serve as a deterrent to the individual Defendants' repeating such unlawful conduct in the future.

## VII. CONDITIONS PRECEDENT

64. All conditions precedent to this action, within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant judgment against the Defendants, awarding him:

1. Monetary damages in an amount that will fairly compensate the Plaintiff for his injuries and will deter the individual Defendants from future unconstitutional

14

conduct; and

    2.    His costs, attorneys' fees, and litigation expenses as well as any further relief this Court deems just.

Dated this 2nd day of February, 2010.

MAWICKE & GOISMAN, S.C.<br>
Attorneys for Plaintiff

By: _____
Thad W. Jelinske (SBN 1010725)
Jan Scott Pierce (SBN 1037163)

P.O. ADDRESS:

1509 N. Prospect Avenue
Milwaukee, WI 53202
T:    (414) 224-0600
F:    (414) 224-9359

15